UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL CHARLES PILOT,

       Plaintiff,

vs.                                         Case No. 15-13386

RICK SNYDER, BILL SCHUTTE,          HON. AVERN COHN
RUTH JOHNSON, STATE OF MICHIGAN
43rd JUDICIAL DISTRICT COURT,
CITY OF HAZEL PARK, JUDGE
CHARLES GOEDERT,

       Defendants.

_____/

## ORDER OF DISMISSAL
## AND
## DIRECTING CLERK TO RETURN THE FILING FEE TO PLAINTIFF

I.

      Plaintiff, Michael Charles Pilot, proceeding pro se, filed a complaint naming Rick

Snyder, Bill Schutte, Corbin R. Davis, Ruth Johnson, 43rd Judicial District Court, City of

Hazel Park, and Judge Charles Goedert as defendants.  For the reasons that follow, the

complaint will be dismissed.  The Clerk will be directed to return the filing fee to plaintiff.

II.

      A court generally may not sua sponte dismiss a case where the filing fee has

been paid unless the court gives the party notice and the opportunity to amend the

complaint.  Tingler v. Marshall, 716 F.2d 1109, 1111-12 (6th Cir. 1983).  However, "a

district court may, at any time, sua sponte dismiss a complaint for lack of subject matter

jurisdiction pursuant to Rule 12 (b)(1) of the Federal Rules of Civil Procedure when the

allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." Apple v. Glenn, et al. 183 F.3d 477, 479 (6th Cir. 1999).  See Hagans v. Lavine, 415 U.S. 528, 536–37 (1974) (citing numerous Supreme Court cases for the proposition that patently frivolous claims divest the district court of jurisdiction); In re Bendectin Litig., 857 F.2d 290, 300 (6th Cir.1988) (recognizing that federal question jurisdiction is divested by obviously frivolous and unsubstantial claims).

When reviewing pro se papers, the court must employ standards less stringent than if the complaint had been drafted by counsel. Haines v. Kerner, 404 U.S. 519 (1972).  However, under Fed. R. Civ. P. 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Ashcroft v. Iqbal, ——U.S. ——, ——, 129 S.Ct. 1937, 1949 (2009).  "Pro se plaintiffs are not automatically entitled to take every case to trial." Price v. Caruso, 451 F.Supp.2d 889, 893 (E.D. Mich. 2006) (quoting Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir.1996)).

III.

The Court has reviewed the complaint, which runs 83 pages.  From what can be gleaned, plaintiff is challenging a state court conviction in Hazel Park for driving while licensed suspended for which he is on probation.  He objects to having to take a drug test and to the "enhancement of prior felonies" used to determine the conditions of his probation.  He cites to 42 U.S.C. § 1983 as well as a host of other federal statutes and amendments to the United States Constitution as the apparent basis for his complaint.

The form of relief is not clear but plaintiff claims damages in excess of $5,000,000.00.[1]

IV.

To the extent plaintiff is challenging actions taking place in state court, this case is barred by the Rooker-Feldman doctrine.  Under this doctrine, federal courts lack jurisdiction to review a case litigated and decided in state court.  District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 & n. 16 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923).  This is true even in the face of allegations that "the state court's action was unconstitutional."  Feldman, 460 U.S. at 486; see also Blanton v. United States, 94 F.3d 227, 233-34 (6th Cir.1996).  Instead, review of final determinations in state judicial proceedings can be obtained only in the United States Supreme Court.  28 U.S.C. § 1257; Feldman, 460 U.S. at 476.  To the extent plaintiff is seeking federal court review of what occurred in the state courts, the Rooker-Feldman doctrine precludes the exercise of federal jurisdiction.  Thus, the complaint is subject to dismissal on this ground.

Moreover, and putting any immunity issues of the named defendants aside, the complaint is subject to dismissal based on the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994).  In Heck, the Supreme Court held that a plaintiff cannot recover damages "for allegedly unconstitutional conviction or

---

[1]Plaintiff also references a prior action he filed in this district before a different judge, Pilot v. Snyder, 15-10961.  In this case, plaintiff filed a habeas petition under 28 U.S.C. § 2241 and § 2254 naming Rick Snyder and Bill Schutte as defendants and challenging several state court convictions, including the one from Hazel Park.  The district court dismissed the petition because he had not shown he had exhausted his state court remedies and for failing to allege how his constitutional rights were violated.  See Doc. 3 in case no. 15-10961.

3

imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," unless the plaintiff first shows "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus ...." Id. at 486-87.  Here, plaintiff is challenging and seeking damages arising from state court proceedings. However, he has not said that any state court order has been reversed or called into question.  Under these circumstances, the complaint is barred by Heck.

V.

Overall, even under a liberal pleading standard, the complaint fails to articulate a viable claim against any of the defendants.  Accordingly, the complaint is DISMISSED.

The Clerk shall RETURN the filing fee to plaintiff.

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: October 7, 2015
    Detroit, Michigan

4